## ROCKY MOUNTAIN HONEY CO. v. CRYSTAL et al.

No. 7243. Decided June 30, 1949. (207 P. 2d 1112.)

See 28 C. J. S., Easements, sec. 46.

*E. L. Schoenhals,* Salt Lake City, for appellant.

*Skeen, Thurman & Worsley* and *Edward G. Linsley,* Salt Lake City, for respondent.

WADE, Justice.

The Rocky Mountain Honey Company, plaintiff and appellant here, brought this action to quiet title to a piece of real property which it claims through a delinquent special sewer assessment tax deed to Salt Lake City. It also claims

a right of way over the south ten feet of that property both by prescriptive easement and by grant, together with damages both actual and punitive against defendants for filling in a drain ditch and thereby causing flood waters to run into its warehouse on adjoining property. The trial court dismissed plaintiff's first cause of action involving the ownership of the lot on the tax deed at the end of plaintiff's evidence on the ground that the special assessment was not levied against the property here involved. It heard defendants' evidence on the other causes of action and found the facts against plaintiff on all of them. Plaintiff appeals from the judgment on all of these causes of action.

The property in question is located on the west side of 2nd West Street just north of the center of the block between 5th and 6th North Streets in Salt Lake City, Utah. It is a part of Lot 8 in Block 138 Plat "A" Salt Lake City Survey. The special assessment was to pay for a sewer placed on Pugsley Street which runs north and south from 5th to 6th North Streets halfway between 2nd and 3rd West Streets. Block 138 in question covers the entire area between 5th and 6th North Streets and 2nd and 3rd West Streets, and is a square tract of land 660 feet both north and south and east and west. This block is divided into 8 lots, which are 330 feet long running north and south and 165 feet wide running east and west. Lots 1, 2, 3 and 4 cover the south half of the block commencing with lot 1 on the east and ends with lot 4 on the west, and lots 5, 6, 7 and 8 cover the north half of the block commencing with lot 5 on the west and ending with lot 8 on the east. The following map shows this block with the streets bounding it and with Pugsley Street running through the center thereof. It shows that only lots 2, 3, 6 and 7 border on Pugsley Street, the south 99 feet of both lots 7 and 8 are marked off; the property in question is the north 57.75 feet of the south 99 feet of lot 8 with the south 10 feet thereof marked off as a driveway.

3RD WEST

207 P.2d—70½

Originally the entire south 99 feet of lots 7 and 8 were owned by Cyrus W. Neal and wife. In 1916, they conveyed the south 41.25 feet of lot 8 to Pheobe O. Grow, the wife of Otto S. Grow, who built a house thereon where they and their family have their home up to the present time. This piece of ground lies immediately south of the piece of ground in question. The Grows also built a small warehouse on the north side of the west 51 feet at the rear end of their lot, the north wall of which is within one foot of the boundary line between these two pieces of property, and to the south

of this warehouse they built the packing plant for their honey business which now is operated by the plaintiff, the Rocky Mountain Honey Company, a corporation, largely owned by the members of the Grow family. When the warehouse was originally built the north wall thereof was about a foot from the boundary line between these properties but in 1936 or 1937 the building was remodeled and the north wall was placed on the east end within 4 inches of the boundary line and at the west end it was about 9 inches south of that line. The plaintiff claims that there was a drain ditch running along the north wall of this warehouse which, prior to being filled up by the defendants, drained the flood waters away from the east end of the warehouse.

During 1936 the plaintiff acquired the south 99 feet of lot 7 which joins on the west the south 99 feet in lot 8. In 1937 it built thereon a much larger warehouse immediately west of the first warehouse and packing plant. As shown on the map there are two driveways side by side, one on the north side of the Grow property in lot 8 and the other on the south side of the property in question, which we will hereafter call the Crystal property, it being occupied and claimed by the defendants Crystal. The driveway on the Grow property is a cement driveway which runs only back to the first warehouse, the other is a dirt driveway which turns to the north to a garage west of the house on the Crystal property. The plaintiff claims that it has always run clear to the west side of the Crystal property but the defendants claim that it was first opened up west of where it turns to the north after plaintiff's second warehouse was built in 1937.

On December 15, 1925, while Cyrus W. Neal and wife owned all of the south 99 feet of both 7 and 8 except the south 41.25 feet of lot 8 which they had sold to the Grows, Salt Lake City enacted an ordinance levying a tax against the adjoining property within sewer districts 1 and 2 (Sewer Extension No. 437) for the purpose of construction of a sewer. A part of this sewer was to be

constructed through Pugsley Street between 5th and 6th North Streets. Included within these districts to be assessed to pay for the sewer through Pugsley Street were lots 2, 3, 6 and 7 of Block 138, Plat "A" Salt Lake City Survey, which are the only lots of that block which join Pugsley Street. None of the other lots in that block were included within those districts, thus lot 8 was not covered by this ordinance as a part of the ground which was authorized to be assessed for the payment of this sewer. The property included in the districts is twice expressly described in the ordinance and both times it is expressly limited to property within lots 2, 3, 6 and 7, and the same is true of the list of the property owners and their property attached to the ordinance and all other assessments and notices connected with the levying of the special assessment against the property to pay for this sewer up to the conveyance of the property to Salt Lake City. In the descriptions involving the conveyance of the property to Salt Lake City, they are not expressly limited to lots 2, 3, 6 and 7, and finally in the conveyance of the property to Otto S. Grow after a delinquent special sewer tax sale to Salt Lake City, the deed not only described the south 99 feet of lot 7 but with some misdescriptions which are immaterial here, included the north 57.75 feet of the south 99 feet of lot 8 of this block. Of course, with all that had gone before expressly limiting the property to those lots the city could not make a valid conveyance of any part of lot 8, and the attempt to do so was a nullity.

But appellant's counsel argues that certain language in these descriptions show an intention to cover this property. He says that the descriptions contain the language

"all of Block 138, Plat 'A,' Salt Lake City Survey," "both sides of Pugsley Street from 5th to 6th North Streets," "at a uniform rate in accordance with the linear foot frontage upon said portions of said streets fronting upon and to the entire depth of said parcels of land back therefrom."

From this he argues that all of Block 138 was assessed to the full depth thereof. And since Cyrus W. Neal and

wife owned all of that block clear to 2nd West Street, this assessment covered all that property and was not limited to the part contained in lot 7, but also covered the part in lot 8 as well. This argument ignores the wording of the description immediately preceding the part written above "all of Block 138." That part of the description is long and complicated so it is not set forth in full but it in substance specifies a part of lot 2, a part of lot 3, two parts of lot 6 and a part of lot 7, all of Block 138. Thus the description expressly specifies five pieces of property within lots 2, 3, 6 and 7, all of which specified pieces of property are part of Block 138. It will be noted that this language does not include any property in lot 8 and therefore the property here is not covered by this assessment and the city had no authority to sell the same. The trial court correctly directed a judgment for the defendants on the first cause of action.

The trial court found that plaintiff had obtained no prescriptive right to the use of the driveway on the south ten feet of the Crystal property. This finding was supported by a clear preponderance of the evidence. It is clear from the evidence that after plaintiff had acquired the title to the south 99 feet of lot 7, to the west of the Grow and the Crystal homes in 1936 and had built the second warehouse thereon, it opened up and used the driveway in question in connection with the property until it was prevented therefrom in 1942. There is evidence that prior thereto this driveway was used by the Grows and others as a foot path, and to a very limited extent by trucks in delivering coal to a house on the property in the rear. But the great preponderance of the evidence shows that prior to 1936, there was a fence across this right of way, that it was covered with old wagon wheels and other accumulations of trash, weeds and berry bushes to such an extent that it would have been impossible to get through there with an automobile or truck, and only with difficulty could it be used by pedestrians. The findings of the trial court were supported by the preponderance of the evidence.

Plaintiff also claims the right to use this right of way by reason of a grant from the Utah Oil Refining Company. It produced a quit claim deed to a right of way across the Crystal property from that company dated October 3, 1946, but this right of way was not over the south ten feet of the Crystal property where plaintiff claims it, but the south side thereof was one rod to the north of the south side of that property, and would have to pass over ground occupied during all the time here in question by the defendants' house. So plaintiff has no grant of the right of way which it here claims.

Besides, the Utah Oil Refining Company obtained that right of way by a grant from the previous owner of the Crystal property in the settlement of a law suit involving the right to the use of subterranean waters under the lands here in question. The purpose of this settlement was to convey to the Refining Company the right to the use of waters in question and the right of way was given only to effectuate that purpose. The Refining Company by its deed to plaintiff did not convey the right to the use of that water or any part thereof, and the plaintiff could not make any use of that right of way in connection with the use of that water right. Under such circumstances the plaintiff obtained no right to use the right of way described in that deed. See 17 Am. Jur. 995 and 996, Easements Secs. 97 and 98.

Finally, plaintiff contends that the trial court erred in refusing to award it damages for flooding its warehouses in August of 1945. It produced evidence to the effect that in 1942, Mrs. Crystal ordered an employee of plaintiff who was cleaning the so called drainage ditch north of its first warehouse, to leave defendants' property and to stay off, and that thereafter some debris accumulated in that ditch or depression. There is no question but that in 1945 a heavy flood occurred whch caused water to flood both of the warehouses of the plaintiff, thereby causing considerable damage. However, the evidence shows

that at most this drainage ditch was a very shallow depression, the east end of which was between 3 and 4 inches wide and only 9 inches wide at the west end thereof. It is clear that the storm which caused the warehouses to become flooded was a sudden violent downpour which flooded the basements of most of the homes in the neighborhood, and of a large sector of Salt Lake City. The court found that the water came down in such torrents that it would have flooded these warehouses regardless of whether this small ditch was cleaned out or not. This finding was supported by the great preponderance of the evidence and the trial court committed no reversible error therein.

Judgment affirmed. Defendants to recover their costs on appeal.

PRATT, C. J., and WOLFE, LATIMER and Mc-DONOUGH, J. concur.